FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 9 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>   Plaintiff,<br>v.<br>Floyd D. Stilwell,<br>   Defendant. | CR-10-1463-1-PHX-PGR<br><br>Preliminary Order of Forfeiture |

  Based upon the Plea Agreement in this matter for which the government sought forfeiture pursuant to 18 United States Code Section 371; Title 22, United States Code Section 2778(b)(2); and 18 United States Code Section 982(a)(1), defendant shall forfeit to the United States, his interest in the following property:

  1. All rights, title, and interest in any contract to overhaul and upgrade T-76 military aircraft engines for the OV-10 Bronco aircraft, to reflect that the engines were civilian TPE 331 aircraft engines, between Floyd D. Stilwell, doing business in the name of any business enterprise, and members of the Venezuelan Air Force related to the items described in the indictment specifically including:

    A. Two T-76 military aircraft engines for the OV-10 Bronco aircraft; and

    B. Aircraft parts for twelve T-76 military aircraft engines for te OV-10 Bronco aircraft.

  The Court has determined, based on defendant's plea agreement, particularly with respect to a plea of guilty to Count 1 with respect to the above described property, that the property described above is subject to forfeiture pursuant to 18 United States Code Section 371; Title 22,

1  United States Code Section 2778(b)(2); and 18 U.S.C. §982(a)(1), and that the government has
2  established the requisite nexus between such property and the offense.
3      Upon the entry of this Order, the United States is authorized to seize the property listed
4  above and to conduct any discovery proper in identifying, locating or disposing of the property
5  subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).
6      Upon entry of this Order, the United States/Attorney General (or a designee); is authorized
7  to commence any applicable proceeding to comply with statutes governing third party rights,
8  including giving notice of this Order.
9      The United States shall publish notice of the Order and its intent to dispose of the property
10 in such a manner as the United States/Attorney General (or a designee), may direct. The United
11 States may also, to the extent practicable, provide written notice to any person known to have
12 an alleged interest in the Subject Property.
13     Any person, other than the above named defendant, asserting a legal interest in the Subject
14 Property may, within thirty days of the final publication of notice or receipt of notice, whichever
15 is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged
16 interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to
17 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(n); or 28 U.S.C. § 2461(c).
18     Pursuant to Fed. R. Crim. P. 32.2(b)(3), and pursuant to defendant's consent, as contained
19 in the plea agreement, this Preliminary Order of Forfeiture shall become final as to the defendant
20 prior to defendant's sentencing and will be included in the judgment. If no third party files a
21 timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim.
22 P. 32.2(c)(2).
23     Any petition filed by a third party asserting an interest in the Subject Property shall be
24 signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the
25 petitioner's right, title, or interest in the Subject Property, the time and circumstances of the
26 petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts
27 supporting the petitioner's claim and the relief sought.
28

2

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney Reid Pixler, U.S. Attorney's Office, Two Renaissance Square, 40 North Central Avenue, Suite 1200, Phoenix, Arizona 85004-4408,

SO ORDERED:

Dated this 29th day of Oct, 2012.

HONORABLE PAUL G. ROSENBLATT
United States District Judge